IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TENNYLLIA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE STAFFING AGENCY, LLC<br><br>Defendant. | Case No. 24-CV-197-JFH-MTS |

## ORDER AND OPINION

This matter is before the Court on the Motion for Default Judgment and Opening Brief in Support ("Motion for Default Judgment") filed by Plaintiff Tennyllia Barnett ("Plaintiff"). Dkt. No. 32. Plaintiff requests the Court enter default judgment against Defendant ESA Enterprise Staffing Agency, LLC ("Enterprise"). *Id*. Enterprise has not entered an appearance or otherwise participated in this case. For the reasons set forth below, the Motion for Default Judgment [Dkt. No. 32] is GRANTED.

## BACKGROUND

Because a clerk's entry of default has been entered, the Court takes the factual allegations of the Amended Complaint [Dkt. No. 25] as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).  The Court also accepts as true the undisputed facts alleged in the Motion and its exhibits.  *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

Plaintiff's claims arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), and the Oklahoma Credit Services Organization Act ("OCSOA"), 24 O.S. § 148. Dkt. No. 25 at 1.  On or around June 21, 2023, Plaintiff applied for employment with Enterprise for the position of a travel registered nurse.  *Id*. at 4.  After submitting her application, Plaintiff was invited for a telephonic interview and was offered the position, which she verbally accepted. *Id*.  Thereafter, Enterprise and Plaintiff entered into a written agreement for Plaintiff's employment as a travel register nurse at the Norman Regional Hospital in Norman, Oklahoma beginning on July 10, 2023.  *Id*.; Dkt. No. 32-2.  Plaintiff was informed that prior to commencing employment that Enterprise would obtain a consumer report and that her offer of employment was contingent on the results thereof.[2]  Dkt. No. 32-2 at 7.  Plaintiff was not informed, however, that she was entitled to a copy of this report.  *Id*.  In anticipation of the start of her employment, Plaintiff began preparing to relocate to Norman.  Dkt. No. 25 at 4.

Enterprise then obtained a consumer report for Plaintiff from a consumer reporting agency. *Id*.  On June 26, 2023, Enterprise emailed Plaintiff informing her that the offer of employment was withdrawn based on the results of the consumer report.  Dkt. No. 25 at 4.

---

[2] Plaintiff alleges in her Complaint that she was aware that a "background record of her criminal history would be obtained prior to the start of her employment," but was unaware that Enterprise would obtain a consumer report.  Dkt. No. 25 at 4.  However, upon review of the written agreement between Plaintiff and Enterprise as attached to the Motion, Plaintiff was in fact informed that Enterprise would "request consumer reports" and, further, was made aware that her employment was contingent upon the results of the consumer report.  Dkt. No. 32-2 at 7.

2

Plaintiff was not provided with a copy of the consumer report prior to Enterprise withdrawing its offer of employment. *Id*. at 4. Further, Plaintiff was not provided with a summary of her rights under the Fair Credit Reporting Act. *Id*. Specifically, Plaintiff was not provided with the name, address, and phone number of the consumer reporting agency which provided the consumer report. *Id*. Plaintiff was not informed of her right to dispute the accuracy or completeness of the report, nor was she informed of her right to get an additional free report from the consumer reporting agency. Dkt. No. 25 at 4. At all times relevant hereto, Enterprise was aware of its obligations under the FCRA and the OCSOA, but did not comply with them. *Id*. at 5. As a result, Plaintiff was injured. *Id*.

On April 30, 2024, Plaintiff filed her original Complaint against Enterprise asserting claims for violation of the FCRA, 15 U.S.C. § 1681b(b)(3), and the OCSOA, 24 O.S. § 148. Dkt. No. 2. Enterprise was properly served with the Complaint and Summons on May 6, 2024. Dkt. No. 8. Enterprise did not file an answer or otherwise respond to Plaintiff's Complaint. On July 17, 2024, upon Plaintiff's motion, a Clerk's Entry of Default was filed. Dkt. No. 17. On December 16, 2024, Plaintiff filed her Motion for Default Judgment. Dkt. No. 19. On January 22, 2025, following its review of the Motion for Default Judgment, the Court directed Plaintiff to show cause that she had properly named and served the correct entity as the defendant in this matter. Dkt. No. 22. Plaintiff then filed an Amended Complaint correcting Enterprise's name. Dkt. No. 25.

Following this, Enterprise was served with the Amended Complaint and a new summons. Dkt. No. 27. A Clerk's Entry of Default was entered April 2, 2025. Dkt. No. 30. Plaintiff filed the instant Motion on May 23, 2025. Dkt. No. 32. To date, Enterprise has not filed an answer or otherwise responded in this matter.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

### I. Jurisdiction

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

#### A. Subject Matter Jurisdiction

The Court has original subject matter jurisdiction of actions arising under the laws of the United States, including actions arising under the FCRA, 15 U.S.C. §§ 1681 *et seq*. 28 U.S.C. § 1331. Additionally, the Court has supplemental subject matter jurisdiction over Plaintiff's claim for violation of the OCSOA brought under 24 O.S. §§ 131, *et seq.*, as this claim is so related to

Plaintiff's FCRA claim that the claims form part of the same case or controversy. 28 U.S.C. § 1367(a). The Court is satisfied that it has subject matter jurisdiction over this matter.

### B. Personal Jurisdiction

If personal jurisdiction is evaluated by the district court based only on the complaint and affidavits, "a prima facie showing of personal jurisdiction" is sufficient. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Two kinds of personal jurisdiction exist: general jurisdiction and specific jurisdiction. General jurisdiction applies in an individual's state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The undisputed facts show that Enterprise is a limited liability company with its principal place of business in Dallas, Texas, and is also registered as a foreign company in Illinois. *See* Dkt. No. 23 at 2. Because Enterprise is not a citizen of Oklahoma, there is no prima facie showing of general jurisdiction.

Specific jurisdiction has two requirements: "first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quotation omitted). The "purposeful direction" requirement is generally defined as an intentional action expressly aimed at the forum state with knowledge that the brunt of the injury would be felt in the forum state. *Id.* at 1239-40 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). The undisputed facts show that Enterprise offered Plaintiff, a citizen of Oklahoma, an employment contract for a travel nursing position at Norman Regional Hospital in Norman, Oklahoma and, therefore, purposefully directed its business in the jurisdiction of this Court. *Id*. Enterprise's conduct related to offering Plaintiff, a citizen of Oklahoma, employment in Oklahoma is what gives rise to the present action.

5

*See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985).  The Court is satisfied that specific jurisdiction exists.

**II.     Rule 55**

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment.  First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  As set forth previously, Plaintiff has obtained a clerk's entry of default against Enterprise. Dkt. No. 30.

Next, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for the judgment entered.  *Olcott*, 327 F.3d at 1124; *Bixler*, 596 F.3d at 762.  This is generally interpreted to mean that the well-pled facts of the complaint, if taken as true, must state a claim for relief.  10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

**A.  FCRA**

To prevail on a claim under the FCRA, a plaintiff must prove (1) the defendant failed to comply with a requirement imposed by the FCRA; and (2) either the defendant's conduct in failing to comply was negligent and resulted in actual damages sustained by the plaintiff, or the defendant's conduct in failing to comply was willful.  15 U.S.C. §§ 1681n, 1681o.  Under the FCRA, any person[3] who uses a consumer report for employment purposes must provide the consumer[4] with a copy of the consumer report and a summary of rights under the FCRA prior to

---

[3]  The FCRA defines "person" to include corporations. 15 U.S.C. § 1681a(b).

[4]  The FCRA defines "consumer" as "an individual." *Id.* § 1681a(c).

taking any adverse action based on the information contained in the consumer report. *Id*. § 1681b(b)(3)(A). Section 1681g of the FCRA outlines the information to be conveyed in the summary of rights. That information includes the right of the consumer to obtain a copy of her consumer report from the consumer reporting agency, her right to dispute inaccurate information, and the method by which she can contact the consumer reporting agency to dispute any such inaccuracies. *Id.* § 1681g(c)(1)(B). This notice allows the current or prospective employee the opportunity to clarify or correct information in a consumer report with the employer before adverse action is taken.

Here, Plaintiff was not provided with a copy of her consumer report or a summary of rights under the FCRA prior to Enterprise withdrawing the offer of employment. Dkt. No. 25 at 4. Enterprise withdrew the offer of employment based upon information contained in the consumer report. *Id*. Therefore, Enterprise failed to comply with requirements imposed by the FCRA.

Having found that Enterprise violated § 1681b(b)(3)(A), the Court must now determine whether Enterprise's conduct was negligent or willful within the meaning of § 1681n(a). A finding of willful noncompliance under § 1681n entitles the prevailing party to (i) either actual damages suffered by the consumer or statutory damages of not less than $100 and not more than $1,000, (ii) punitive damages as the court may allow, and (iii) reasonable attorney's fees and costs of litigation. 15 U.S.C. § 1681n(a). A finding of negligent noncompliance under § 1681o entitles the prevailing party to actual damages plus reasonable attorney's fees and costs of litigation. *15 U.S.C.* § 1681o(a).

According to the Supreme Court, an FCRA violation is "willful" if it is either intentional or committed in reckless disregard of the defendant's duties under the Act. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-58 (2007). Recklessness is measured by an objective standard; a defendant's

conduct is reckless if it "entail[s] an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 68. A defendant does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69; *see Llewellyn v. Allstate Home Loans, Inc.,* 711 F.3d 1173, 1183-84 (10th Cir. 2013); *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011).

The FCRA makes plain what an entity's obligations are prior to taking adverse action based on a consumer report obtained for employment purposes. 15 U.S.C. § 1681b(b)(3)(A). Even a careless reading of the requirements would make clear that Enterprise was required to provide a copy of the consumer report and a summary of rights to Plaintiff prior to withdrawing the offer of employment because of information contained in the consumer report. *Id*. Upon consideration of the facts, the Court finds that Enterprise's violation of the FCRA was willful in that Enterprise acted with reckless disregard of its obligations under the FCRA. Specifically, Enterprise was aware of its obligations but nonetheless did not comply. Dkt. No. 25 at 5.

For these reasons, the Court finds that the facts established in Plaintiff's Amended Complaint and Motion state a claim for relief as to Plaintiff's claim under the FCRA.

### C.  Violation of OCSOA

Under the OCSOA, prior to requesting a consumer report for employment purposes, the requestor of the consumer report must provide written notice to the person who is the subject of the consumer report. 24 O.S. § 148(A). This written notice shall inform the consumer that a consumer report will be used and provide a place for the consumer to elect to receive a copy of the consumer report. *Id*. The requester will not be held liable for violating this requirement, however,

if the requester can show "by a preponderance of the evidence that, at the time of the alleged violation, such person maintained reasonable procedures to assure compliance" with the OCSOA. *Id*. at § 148(B).

While Plaintiff was informed that Enterprise would obtain a consumer report, she was not provided with an opportunity to request a copy of the report, nor provided with written notice that she was entitled to a copy of the report. Dkt. No. 25 at 4. As Enterprise has not appeared in this action, Enterprise has not shown that it maintained reasonable procedures to ensure compliance with the OCSOA.

For these reasons, the Court finds that the facts established in Plaintiff's Amended Complaint and Motion state a claim for relief as to Plaintiff's claim under the OCSOA.

### D. Damages and Attorney Fees and Costs

Once the Court determines that the unchallenged allegations in the complaint provide sufficient legal basis for entry of default judgment, the Court then must ascertain the amount of damages. *Hunt v Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). As the prevailing party in the FCRA claim, Plaintiff is entitled to actual damages or statutory damages, punitive damages as the Court allows, and reasonable attorney's fees and costs of litigation. 15 U.S.C. § 1681n(a).

Presently, the Court does not have sufficient information to accurately determine damages, reasonable attorney fees, or costs of the action. Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will refer this matter to a United States Magistrate Judge for report and recommendation on the issues of damages, fees, and costs under the FCRA.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Motion for Default Judgment and Opening Brief in Support [Dkt. No. 32] is GRANTED.

IT IS FURTHER ORDERED that the Motion for Default Judgment and Opening Brief in Support [Dkt. No. 32] is REFERRED to the United States Magistrate Judge for report and recommendation on the issue of damages, fees, and costs.

Dated this 26th day of June 2025.

                                                     JOHN F. HEIL, III
                                                     UNITED STATES DISTRICT JUDGE